UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:22-cv-00528

VANESSA RODRIGUEZ

     Plaintiff,

v.

PROGRESSIVE SELECT INSURANCE
COMPANY
_____/

## **DEFENDANT'S NOTICE OF REMOVAL WITH**
## **INCORPORATED MEMORANDUM OF LAW**

Defendant PROGRESSIVE SELECT INSURANCE COMPANY, by and through its undersigned counsel, and pursuant to 28 U.S.C §§ 1441, 1446, and 1332, respectfully petitions this Court for the removal of the Complaint in the above-named action from the County Court of the Fifth Judicial Circuit, in and for Lake County, Florida, to the United States District Court for the Middle District of Florida, Ocala Division. In support, Defendant states as follows:

### **Facts and Procedural History**

1.    On or about June 8, 2022, Vanessa Rodriguez filed a Complaint against Defendant in the County Court of the Fifth Judicial Circuit, in and for Lake County, Florida, requesting a declaratory judgment related to an uninsured motorist claim on behalf of Vanessa Rodriguez. Plaintiff's Complaint is attached hereto as Exhibit "A." Progressive received service of the Complaint on June 24, 2022. Notice of Service of Process and Summons is attached hereto as Exhibit "B."

2.    Plaintiff is a citizen of the State of Florida. See Progressive Declarations page listing Plaintiff's address in "Tavares, FL" attached hereto as Exhibit "C."

3.      Progressive is incorporated in the State of Ohio, with its principal place of business in Mayfield Village, Ohio. <u>See</u> State of Florida Division of Corporations website showing Progressive's principal place of business in Mayfield Village, Ohio is attached hereto as Exhibit "D."

4.      Thus, there is complete diversity of citizenship among the parties in this matter. 28 U.S.C. § 1446(a)(1).

5.      The amount in controversy in the instant action exceeds $75,000, exclusive of interest and costs. Specifically, Plaintiff seeks a declaratory judgment that she is entitled to Uninsured/Underinsured Motorist Coverage ("UM") under her Progressive automobile insurance policy, in the amount of $100,000 per person and $300,000 per accident. <u>See</u> Progressive's Request for Admissions and Plaintiff's Responses thereto attached hereto as Composite Exhibit "E." ¶ 3.  Further, Plaintiff seeks to recover attorney's fees and costs in this action. <u>See</u> Exhibit A; Exhibit E at ¶ 4.

6.      At the time of the filing of Plaintiff's Complaint, this case was not removable on its face because Plaintiff's Complaint expressly limited her damages to less than $30,000. <u>See</u> Exhibit A at ¶ 1; <u>see also</u> <u>Fleming v. Colonial Stores, Inc.</u>, 297 F.Supp. 933, 934 (N.D. Fla. 1968); 28 U.S.C. § 1446(c)(1-3). However, on October 12, 2022, Plaintiff filed her responses to Defendant's requests for admissions and admitted that she was not limited her damages in this case to less than $30,000.00. <u>See</u> Exhibit E at ¶ 3. Plaintiff also expressly admitted that she was seeking a declaratory judgment that she is entitled to UM coverage in the amount of $100,000 per person and $300,000 per accident. <u>Id.</u> at ¶ 2. Thus, Plaintiff's October 12, 2022, responses to requests for admissions constituted the first "other paper" necessary to determine that the amount in controversy clearly exceeded the $75,000.00 threshold. <u>See</u> 28 U.S.C. § 1446(b)(3) (". . . **if**

**the cases stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant**, through service or otherwise, **of** a copy of an amended pleading, motion, order, or **other paper from which it may first be ascertained that the case is one which is or has become removable**.") (emphasis added).

7.      As required by 28 U.S.C. § 1446(a), true and legible copies of "all process, pleadings, and orders" served in this action are submitted herewith.  See Copies of documents, attached as composite Exhibit "F."

8.       Finally, Progressive has paid the removal fee contemporaneously with the filing of this Notice of Removal.

## **Memorandum of Law**

The statutory requirements for removal of Plaintiff's Complaint from state court to the United States District Court for the Middle District of Florida, Ocala Division have been met. Therefore, removal is proper.

A defendant may remove any civil action brought in state court to the federal district court. See 28 U.S.C. § 1441(a); Ayres v. General Motors Corp., 234 F.3d 514, 517 (11th Cir. 2000); Rudnick v. Sears, Roebuck and Co., 358 F. Supp. 2d 1201, 1204 (S.D. Fla. 2005). "One of the limited grounds of jurisdiction that federal courts have is diversity jurisdiction." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1280 (11th Cir. 2001).  28 U.S.C. § 1332(a) dictates that in a diversity jurisdiction matter the parties must be from different states and the amount in controversy must exceed $75,000.00 exclusive of interest and costs.  Finally, the matter must be removed within 30 days of the initial pleading or summons or "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1441(a).

In determining whether an action which was originally filed in state court meets the amount in controversy requirement for removal, the burden is on the removing party to establish federal jurisdiction. Williams v. Best Buy Company, Inc., 268 F. 3d 1316, 1319 (11th Cir. 2001). The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). However, where the complaint does not allege a specific amount of damages, the removing party must show, by a preponderance of the evidence that the amount in controversy is in excess of the $75,000 jurisdictional limit. Williams, 269 F.3d at 1319; 28 U.S.C § 1446(c)(2)(B)(proving a Notice of Removal may assert the amount in controversy if the district court finds, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional amount).

In determining whether the amount in controversy requirement has been met at the time of removal, the Court is permitted to use "deduction, interference, or other extrapolation." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 753 (11th Cir. 2010). The Court may also employ "experience and common sense" when determining the possible amount in controversy. Roe v. Michelin North American, Inc., 613 F.3d 1058, 1062 (11th Cir. 2010).

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, that is to say, the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs, the only remaining question is whether the removing party has satisfied the procedural requirements for removal under 28 U.S.C. § 1446. According to § 1446(b)(3), ". . . if the cases stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). The

defendant seeking removal bears the initial burden of alleging federal jurisdiction. See Wright v. Continental Cas. Co., 456 F.Supp. 1075, 1078 (M.D. Fla. 1978).

### A.    Diversity of Citizenship Among the Parties

In the instant matter, there is complete diversity of citizenship among the parties.  For purposes of diversity jurisdiction, state citizenship or domicile is determined by residence and intent to remain. See Jones v. Law Firm of Hill & Ponton, 141 F. Supp. 2d 1349, 1349 (M.D. Fla 2001). The court may presume "that the state in which a person resides at any given time is also that person's domicile." Taylor v. Am. Heritage Church Fin., Inc., 2010 U.S. Dist. LEXIS 75348, at *4 (M.D. Fla. July 27, 2010).

Here, Plaintiff is a citizen of Florida. See Exhibit C (listing Plaintiff's address in "Tavares, FL"). On the other hand, Defendant, Progressive, is a foreign corporation incorporated in the State of Ohio. See Exhibit D (State of Florida Division of Corporations website showing Progressive's principal place of business in Mayfield Village, Ohio). "For diversity jurisdiction purposes, 'a corporation shall be deemed to be a citizen of every State or foreign state where it has its principal place of business.'" Maryland Cas. Co., 2013 U.S. DIST. LEXIS 198701, at *2 (quoting 28 U.S.C. § 1332(c)(1)).  Thus, because Plaintiff is a citizen of Florida, and Defendant is a citizen of Ohio, diversity of citizenship exists among the parties.

### B.    The Amount in Controversy Exceeds $75,000

Here, the statutory requirement that the amount in controversy exceeds $75,000, exclusive of interest and costs, has also been met because Plaintiff seeks damages in excess of the $75,000 threshold.  When a plaintiff fails to plead a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional requirement. <u>Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001).  When determining the amount in controversy:

> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits

<u>Roe v. Michelin N. Am., Inc.</u>, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal citations omitted).  Additionally, "[t]he amount-in-controversy requirement is "an estimate of the amount that will be put at issue in the course of the litigation." <u>Valdez v. Metro. Prop. & Cas. Ins. Co.</u>, 867 F. Supp. 2d 1143, 1163 (D.N.M. 2012).  Further, attorney's fees sought can be included in the amount in controversy. <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1265 (11th Cir. 2000) ("[W]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy.")

In the instant case, and as confirmed by Plaintiff's responses to Defendant's Requests for Admissions, Plaintiff is seeking a declaratory judgment that she is entitled to UM coverage under her policy in the amount of $100,000 per person and $300,000 per accident, as well as attorney's fees related to this action. <u>See</u> Exhibit E. ¶¶ 3, 4;  <u>See also</u> Exhibit A. Thus, the amount in controversy in this case exceeds $75,000. <u>See</u> <u>Witherup v. State Farm Mut. Auto. Ins. Co.</u>, 2015 U.S. Dist. LEXIS 11807, at *6 (M.D. Fla. Feb. 2, 2015) ("The object of the litigation is to determine whether UM coverage is in force. Plaintiffs claim it is and they are entitled to $300,000 in UM coverage. State Farm argues that Plaintiffs' UM rejection extends to the Mercedes, so they are not entitled to any UM coverage whatsoever. If Plaintiffs were to prevail, they would have $300,000 in UM coverage (regardless of whether their personal injury damages

actually reach that amount). If State Farm was to prevail, Plaintiffs would not be entitled to any UM coverage. The amount in controversy is therefore $300,000.). Accordingly, Defendant has met its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000

### C.     <u>The Notice of Removal is Timely</u>.

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, the only remaining question is whether the removing party has satisfied the procedural requirements for removal pursuant to 28 U.S.C. § 1446(b). Progressive was served with the Complaint on June 24, 2022.  Exhibit B. However, at the time of the filing of Plaintiff's Complaint, this case was not removable on its face because Plaintiff's Complaint expressly limited her damages to less than $30,000. <u>See</u> Exhibit A at ¶ 1; <u>see also</u> <u>Fleming v. Colonial Stores, Inc.</u>, 297 F.Supp. 933, 934 (N.D. Fla. 1968); 28 U.S.C. § 1446(c)(1-3). However, on October 12, 2022, Plaintiff filed her responses to Defendant's requests for admissions and admitted that she was not limited her damages in this case to less than $30,000.00. <u>See</u> Exhibit E at ¶ 3. Plaintiff also expressly admitted that she was seeking a declaratory judgment that she is entitled to UM coverage in the amount of $100,000 per person and $300,000 per accident. <u>Id</u>. at ¶ 2. Thus, Plaintiff's October 12, 2022, responses to requests for admissions constituted the first "other paper" necessary to determine that the amount in controversy clearly exceeded the $75,000.00 threshold. <u>See</u> 28 U.S.C. § 1446(b)(3) (". . . **if the cases stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant**, through service or otherwise, **of** a copy of an amended pleading, motion, order, or **other paper from which it may first be ascertained that the case is one which is or has become removable**.") (emphasis added); <u>see also</u> <u>Constas v. Home Depot U.S.A.</u>, Inc., 2022 U.S. Dist. LEXIS 76865, at *9 (M.D.

Fla. Mar. 18, 2022) (Plaintiff's discovery responses constituted "other papers" under 28 U.S.C. § 1446(b)); <u>Leoncio v. Louisville Ladder, Inc.</u>, 2013 U.S. Dist. LEXIS 194118, at *8 (S.D. Fla. June 28, 2013). Further this matter has been removed within one year after the commencement of this action. <u>See</u> 28 U.S.C. § 1446(c)(1) (A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action)

**WHEREFORE**, Defendant PROGRESSIVE SELECT INSURANCE COMPANY respectfully requests that the action now pending against it in the County Court in and for Lake County, Florida, be removed therefrom to this Court, and that this Honorable Court assumes full jurisdiction over the cause herein as provided by law and grant any other relief that this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that on this 7th day of November, 2022, we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and that a true and correct copy of this document was served this day via transmission of Notices of Electronic Filing generated by CM/ECF and/or via e-mail on all counsel on the Service List.

**BOYD & JENERETTE, P.A.**

*/s/ Joshua J. Hartley*
**KANSAS R. GOODEN**
Florida Bar No. 058707
kgooden@boydjen.com
11767 S. Dixie Hwy, #274
Miami, FL 33156
(305) 537-1238 – Telephone
**JOSHUA J. HARTLEY**
Florida Bar No. 118243

jhartley@boydjen.com
1001 Yamato Road, Suite 102
Boca Raton, FL 33431
(561) 208-0708 – Telephone
***Counsel for Progressive Select Ins. Comp.***

Chad A. Barr, Esq.
Chad Bar Law
238 N. Westmonte Dr.
Suite 200
Almonte, FL 32714
service@chadbarrlaw.com
linda@chadbarrlaw
chad@chadbarrlaw