UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO. 5:22-cv-00528-JSM-PRL

VANESSA RODRIGUEZ,

    Plaintiff,

v.

PROGRESSIVE SELECT INSURANCE
COMPANY,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PROTECTIVE ORDER (DOC. 17) AND MOTION FOR RULING ON
DEFENDANT'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION**

COMES NOW Plaintiff, by and through the undersigned counsel, hereby files this, its Response to the Defendant's Motion for Protective Order (Doc. 17) and Motion for Ruling on Defendant's Objections to Plaintiff's Notice of Deposition, and in support thereof states as follows:

**BACKGROUND**

1.    Plaintiff filed its Complaint for Declaratory Relief against Defendant for breach of contract for Defendant's failure to pay uninsured motorist benefits stemming from an automobile crash of August 21, 2021.

2.    Defendant's position is that the named insured under the subject insurance policy rejected uninsured motorist coverage when the application for insurance was completed and thus there is no uninsured motorist coverage for the subject accident.

3.    Plaintiff's position is that the electronic procedure used by the Defendant to disavow uninsured motorist coverage does not comply with Florida law.

4. Plaintiff has requested the deposition of the Defendant's Corporate Representative concerning the following areas of inquiry: The procedure by which the Defendant explains uninsured motorist coverage to its insureds for the year before the subject application, the forms required to be filled out during the application process for the year before the subject application, how the Defendant presents its insureds with the required uninsured motorist selection/rejection form for the year before the subject application, how the subject uninsured motorist form was created by the Defendant, the Defendant's process for approval of the subject uninsured motorist rejection form by the Office of Insurance Regulation, regarding the procedure of presenting an applicant with the form pre-filled out by the Defendant rejecting uninsured motorist coverage without the insured having the option to accept uninsured motorist coverage for the year before the subject application, whether applicants are able to view the completed uninsured motorist coverage form after it is completed during the application process for the year before the subject application, the signing instructions provided by the Defendant with regard to the uninsured motorist rejection form for the year before the subject application, and the metadata relative to the subject uninsured motorist rejection form. (Doc. 17-1)

5. Plaintiff also requested that the Defendant produce certain documents at said deposition including: the underwriting file, the PIP claims file, the uninsured motorist claims file, all documents that the Defendant relies on to support its position that the named insured rejected uninsured motorist coverage, all documents submitted to and received from the Florida Office of Insurance Regulation when Defendant sought approval of the subject uninsured motorist rejection form, a printout of all metadata regarding the named insureds insurance application with the Defendant. (Doc. 17-1)

6. Instead of producing a corporate representative for deposition, Defendant filed objections and a Motion for Protective Order. (Doc. 17) Notably, Defendant objected to EVERY area of inquiry and objected to EVERY document request. (Doc. 17 at 2-12)

7. Plaintiff hereby responds to the Defendant's Motion for Protective Order and moves this Court to rule on the Defendant's Objections to the Plaintiff's Notice of Deposition.

## STANDARD OF REVIEW

8. Federal Rule of Civil Procedure 26 (b)(1), provides in relevant part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and further states, "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." To be discoverable, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evidence 401. Relevancy in the context of Rule 26 is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Auto-Owners*, 231 F.R.D. at 430 (*quoting Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)). To sustain its objections on the basis of relevance, a moving party must show that the requested discovery "has no possible bearing on the claims and defenses" in the case. *Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 695 (S.D. Fla. 2007).

9. In addition, Rule 26(c), which addresses protective orders, provides that the court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression or undue burden or expense. "Good cause has been defined as a sound basis or legitimate need to

take judicial action." *Wrangen v. Penn. Lumberman's Mut. Ins. Co.*, 593 F.Supp.2d. at 1278 (*quoting In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987)). The moving party "must make a specific demonstration of facts in support of the request, rather than conclusory or speculative statements about the need for a protective order." E.*g.*, *In re PE Corp. Secs. Litig.*, 221 F.R.D. 20, 26 (D. Conn. 2003); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991); *see also Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193, 68 L. Ed. 2d 693 (1981).

10. Only if a sufficient showing of good cause is made, does the burden then shift to the non-moving party to show why relief should still not be granted, either because of undue prejudice or the importance of the discovery at issue. *New World Network, Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV-JORDAN/TORRES, 2007 U.S. Dist. LEXIS 25731, at *5 (S.D. Fla. Apr. 6, 2007)

11. A court must then balance the competing factors involved in determining whether good cause has been shown. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985); *Dow Chemical Co. v. Allen*, 672 F.2d 1262, 1277-78 (7th Cir. 1982).

## MEMORANDUM OF LAW

12. First, Defendant argues in its Motion for Protective Order that it should not have to produce its claims files because there is blanket protection of claims files until the issue of coverage is decided. (Doc. 17 at 14-15) This is not true.

13. The Defendant removed this case from Florida state court to Federal Court. As the Honorable Federico Moreno held in *Mobley v. Capitol Specialty Ins.*, No. 13-20636-CIV, 2013 U.S. Dist. LEXIS 101329, 2013 WL 3794058, at *4 (S.D. Fla. July 19, 2013), "under federal law, *there is no blanket protection of an insurance company's claim file.*" (*citing Atrium on the Ocean*

*II Condo. Ass'n v. QBE Ins. Corp.*, No. 06-143269-CIV, 2007 U.S. Dist. LEXIS 74962, 2007 WL 2972937 at *2 (S.D.Fla.2007)).

14. While Plaintiff agrees that a statutory bad faith claim and discovery related to a statutory bad faith claim is premature until the Court determines the insurer's liability under the insurance contract, Plaintiff is not pursuing a statutory bad faith claim and the subject discovery is not related to a statutory bad faith claim.

15. Moreover, as in *Mobley*, the Defendant in this case "has made no effort to separate any contended documents that are relevant for both the breach of contract claim and the bad faith/declaratory judgment claim from those that are only relevant to the bad faith/declaratory judgment claim. Thus, Defendant did not make 'specific demonstration of facts in support of the request' for protective order. Hence, Defendant has not shown the Court that it has 'good cause' so as to be entitled to a protective order.

16. Thus, the Defendant's motion for protective order should be denied.

17. Next, the Defendant's Motion for Protective Order argues that the Plaintiff's areas of inquiry and document requests are "irrelevant" and "not reasonably calculated to lead to the discovery of admissible evidence." (Doc. 17 at 15-16)

18. Again, Defendant has made merely broad-based allegations of irrelevance and has failed to provide any "specific demonstration of facts in support of the request" and has only provided impermissible "conclusory or speculative statements about the need for a protective order."

19. Moreover, the information sought is entirely relevant. The issue in this case is whether the process by which the Defendant tricks an insured into rejecting uninsured motorist coverage complies with Florida law. This necessarily involves a review of what information the

Defendant's employees are required to convey to an applicant about uninsured motorist coverage, how the Defendant presents an applicant with the uninsured rejection form, what information the Defendant supplies the applicant when it provides the application for execution, what options the insured has to make changes to the application, etc. The Defendant, however, seeks to limit any information about this claim to the mere fact that the named insureds electronic signature appears on the subject uninsured motorist rejection form. This information, however, is not only *not* confidential trade secret information, but it is vital to the Plaintiff's demonstration of its case

20. Thus, the Defendant's motion for protective order should be denied.

21. Lastly, the Defendant's Motion for Protective Order argues that the Plaintiff's discovery requests seek the disclosure of "confidential trade secret information." (Doc. 17 at 17-18)

22. Again, the Defendant has failed to state specifically which of the Plaintiff's areas of inquiry or which of the Plaintiff's document requests seek confidential trade secret information.

23. Moreover, the Defendant has failed to explain how any of this information is actually confidential trade secret information. Take for instance, Defendant's objection to Plaintiff's document request #5 and #6 (Doc. 17 at 11-12) It is difficult to understand how documents submitted to a state agency and received from a state agency are confidential trade secret documents.

24. Again, the issue in this case is whether the process by which the Defendant tricks an insured into rejecting uninsured motorist coverage complies with Florida law. This necessarily involves a review of what information the Defendant's employees are required to convey to an applicant about uninsured motorist coverage, how the Defendant presents an applicant with the uninsured rejection form, what information the Defendant supplies the applicant when it provides

the application for execution, what options the insured has to make changes to the application, etc. The Defendant, however, seeks to limit any information about this claim to the mere fact that the named insureds electronic signature appears on the subject uninsured motorist rejection form. This information, however, is not only *not* confidential trade secret information, but it is vital to the Plaintiff's demonstration of its case.

25. In addition, Plaintiff requests that this Court enter a ruling on the Defendant's objections to the Plaintiff Notice of Deposition consistent with the arguments presented above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order denying the Defendant's Motion for Protective Order and overrule the Defendant's objections to the Plaintiff's Notice of Deposition consistent with the arguments asserted herein and grant Plaintiff any other such relief as this Court deems appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed with the Clerk of the Courts using the Florida Courts E-Filing Portal and that a copy hereof has been furnished to the following recipients via electronic mail: Kansas Gooden, Esquire, kgooden@boydjen.com and Joshua Hartley, Esquire, jhartley@boydjen.com on this 11th day of April 2023.

                                                                            s/Chad A. Barr_____
CHAD A. BARR, ESQUIRE
Fla. Bar No.: 55365
LAW OFFICE OF CHAD A. BARR, P.A.
238 North Westmonte Drive
Suite 200
Altamonte Springs, Florida 32714
Telephone:   (407) 599-9036
Facsimile:   (407) 960-6247
linda@chadbarrlaw.com
service@chadbarrlaw.com
chad@chadbarrlaw.com