UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VANESSA RODRIGUEZ,

    Plaintiff,

v.                                          Case No: 5:22-cv-528-JSM-PRL

PROGRESSIVE SELECT
INSURANCE COMPANY,

    Defendant.

## ORDER

Before the Court is Plaintiff's emergency motion to compel the deposition of Defendant's Rule 30(b)(6) corporate representative and for sanctions. (Docs. 31 & 32); Fed. R. Civ. P. 30(b)(6).[1] Defendant has filed a response in opposition. (Doc. 34). For the reasons stated below and as discussed in the hearing, Plaintiff's motion is **granted**, and she is awarded court reporter costs for the July 31st deposition.

On January 24, 2023, Plaintiff began coordinating the deposition of Defendant's corporate representative, and sent Defendant "a courtesy draft of its notice of taking deposition listing all areas of inquiry" for that deposition. (Doc. 31 at ¶ 6). Defendant objected to that notice and moved for a protective order on March 14th (Doc. 17), but this Court denied entering a protective order, and overruled **Defendant's generalized objections**. (Doc. 23). On June 21, 2023, Plaintiff's counsel served his notice of a Rule 30(b)(6) deposition on

---

[1] The Court notes that Plaintiff's "emergency" motion is non-compliant with Local Rule 3.01(e), as it does not include an introductory paragraph "that explains the nature of the exigency and states the day by which a ruling is requested." M.D. Fla. Local Rule 3.01(e).

Defendant's counsel, setting it for counsel's agreed-upon date of August 17, 2023. (Doc. 31 at ¶ 10; Doc. 31-3 at 3). However, because the discovery deadline was August 1st (Doc. 16), counsel agreed to instead conduct the 30(b)(6) deposition on July 31, 2023. (Doc. 31 at ¶ 11). Plaintiff served an amended notice on Defendant's counsel on July 12, 2023. *Id.*[2]

On July 31st, at the deposition, one corporate representative for Defendant appeared, but indicated that he was not the corporate representative for all areas of inquiry listed in the notice, and that he could only testify to parts of inquiries A, E, H, and J. (Doc. 31 at ¶ 15; Doc. 32-1 at 10-12). Defendant's counsel confirmed that another corporate representative would respond to the noticed areas of inquiry, but this representative would not be produced at this July 31st deposition, as counsel was unable to coordinate a time with them. (Doc. 32-1 at lines 14-18).

Under Rule 30(b)(6), a "responding corporation . . . [must] provide a witness who can answer questions regarding the subject matter listed in the notice." *King v. Pratt & Whitney, a Div. of United Techs. Corp.*, 161 F.R.D. 475, 476 (S.D. Fla. 1995), *aff'd sub nom. King v. Pratt & Whitney*, 213 F.3d 646 (11th Cir. 2000); Fed. R. Civ. P. 30(b)(6). When "the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions[.]" *Id.* Indeed, "[t]he corporation has an affirmative duty to produce a representative who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation." *Id.* (citing Fed. R. Civ. P. 30(b)(6)); *see Catalina Rental Apartments, Inc. v. Pac. Ins.*, No. 06-20532 CIV, 2007 WL 917272, at *2 (S.D. Fla. Mar. 23, 2007) ("upon receipt

---

[2] While an amended notice was served, the areas of inquiry remained the same. (Doc. 32-1 at lines 9-10).

of the notice, the corporation 'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters.'") (citations omitted).

Here, Plaintiff gave timely notice to Defendant of the Rule 30(b)(6) deposition.[3] Hence, Defendant had an affirmative duty to produce on July 31st a corporate representative (or representatives) capable of answering questions related to the noticed topics. Although a corporate representative for Defendant appeared for the July 31st deposition, they could only answer some questions related to some of the noticed topics. Notably, counsel for Defendant admitted that other representatives had knowledge relating to all the noticed topics of deposition, but that these representatives were not appearing on July 31st.[4] Thus, Defendant failed to meet its obligation that corporate representatives appear at the Rule 30(b)(6) deposition who could respond to questions related to all the noticed areas of inquiry.

Accordingly, Plaintiff's motion (Doc. 31) is **granted**.

Further, because Plaintiff's motion is granted, Federal Rule of Civil Procedure 37(a)(5)(A) and 37(d) apply here. Fed. R. Civ. P. 37(a)(5)(A) & 37(d) (sanctions appropriate where a person designated under Rule 30(b)(6) fails, after being served with proper notice, to

---

[3] Plaintiff's amended notice of deposition was provided to Defendant on July 12th, more than fourteen days before the Rule 30(b)(6) deposition. M.D. Fla. Local Rule 3.04 ("deposition by oral examination or written questions and a subpoena duces tecum require fourteen days' written notice"); see Middle District Discovery (2021) at Section II.A.1.

[4] As discussed in the hearing, Defendant's counsel argues that he sent an email to Plaintiff's counsel's paralegal that clearly stated that more than one corporate representative would be produced. However, it is unclear from that email that more than one corporate representative was being produced. (Doc. 34 at ¶ 6; Doc. 34-2 at 1) ("[p]lease be advised that myself and corp. rep. Dan Sluzala (who will testify as to the process underwent to electronically sign the UM selection/rejection form and application). . .").

appear for their deposition). As discussed in the hearing, it appears that there is no substantial justification for less than all of Defendant's corporate representatives appearing at the July 31st deposition. Moreover, there are no other circumstances making an award of court reporter expenses for the July 31st deposition unjust.

Accordingly, Plaintiff's request for sanctions (Doc. 31), is **granted** to the extent that she will be awarded the cost of court reporter fees in connection with the July 31st deposition. Within **14 days** of this Order, Plaintiff is directed to file an affidavit (and invoice) in support her motion for reasonable expenses, incurred in securing the appearance of the court report on July 31st. Defendant shall then have **7** days from the date that Plaintiff's affidavit is filed to file any objections to the expenses sought. Alternatively, if the parties reach an agreement regarding reasonable court reporter expenses, they should so advise the Court by written notice within the time frame stated above.

Finally, as discussed in the hearing, Defendant will have three corporate representatives appear for the Rule 30(b)(6) deposition. Counsel for both parties have agreed to schedule the first deposition of the corporate representative discussing the application and quote process on August 14th at 12:00 pm; the second deposition of the corporate representative discussing the electronic signing process on August 15th at 12:00 pm; and shall complete the deposition of the third representative regarding the Florida Office of Insurance Regulation approval of the uninsured motorist selection/rejection form no later than August 25, 2023.

Further, as discussed in the hearing, the Court is extending the dispositive motion deadline from September 1, 2023, **to September 29, 2023**.

- 5 -

**DONE** and **ORDERED** in Ocala, Florida on August 2, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties